**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMIT SHARMA,<br><br>     Petitioner,<br><br> v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>     Respondent. | No. 20-70334<br><br>Agency No. A205-942-400<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2021[**]

Before: SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

Amit Sharma, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). We have jurisdiction under

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the petition for review.

Substantial evidence supports the agency's determination that, even if Sharma established past persecution by members of the Badal party in Punjab, his presumption of a well-founded fear of future persecution was rebutted by evidence that he could safely relocate to another part of India. *See* 8 C.F.R. § 1208.13(b)(1)(i)(B); *Singh v. Whitaker*, 914 F.3d 654, 659-60 (9th Cir. 2019) (discussing the analysis required to determine whether the government met its burden to rebut the presumption of a well-founded fear of persecution by demonstrating that an applicant could safely relocate). In his opening brief, Sharma does not challenge the agency's determination that relocation would be reasonable. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (concluding petitioner waived challenge to issue not specifically raised and argued in his opening brief). Thus, Sharma's asylum claim fails.

Because Sharma failed to establish eligibility for asylum, in this case, he did not establish eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence supports the agency's denial of CAT relief because Sharma failed to show it is more likely than not that he would be tortured by or

with the consent or acquiescence of the government if returned to India. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**